**Judith A. APPLING, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 04–35060.

D.C. No. CV–03–05176–RBL.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2005.*

Decided June 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Charles W. Talbot, Talbot & Associates, P.S., Tacoma, WA, for Plaintiff–Appellant.

David J. Burdett, Richard A. Morris, SSA—Social Security Administration, Office of the General Counsel, Brian C. Kipnis, USSE—Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Plaintiff Judith A. Appling appeals from the district court's decision to affirm the Commissioner of Social Security's denial of her application for disability insurance benefits. On de novo review, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998), we affirm.

■ 1. Substantial evidence supports the determination of the administrative law judge ("ALJ") to discount Plaintiff's testimony regarding the extent of her pain. The ALJ provided clear and convincing reasons. *See Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir.2001) (stating standard). The ALJ cited inconsistencies with the medical evidence, inconsistencies with reported daily activities, and demeanor, factors that are supported by the record (for instance, Dr. Benjamin's statement that Plaintiff's "pain syndrome is certainly, at this point, in excess of demonstrable disease"; and Plaintiff's testimony

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that she could "do household chores at that time,"[1] as well as "walk 1—2 miles and lift 25 pounds"). Taken together, the ALJ's reasons for discounting Plaintiff's excess pain testimony are clear and convincing.

■ 2. The ALJ was not required to develop the record with respect to Plaintiff's depression. The evidence was neither ambiguous nor inadequate to allow for proper evaluation, so the ALJ's duty was not triggered. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.2001) (stating standard).

■ 3. The ALJ was required to consider the State Disability Determination. 20 C.F.R. § 404.1527(f)(2)(i). The ALJ permissibly gave considerable weight to the State's assessment of Plaintiff's residual functional capacity.

Plaintiff's assertion that the state assessment focused on her condition in 1994, rather than in 1999 (at the time of her amended disability onset date of August 5, 1999), is not borne out by the record. The assessment notes that there were two disability periods involved and focused on medical evidence dated after Plaintiff's amended disability onset date. The assessment's conclusion that Plaintiff was "capable of light work only" was relevant to the ALJ's disability determination.

4. Substantial evidence supports the ALJ's determination that Plaintiff retained the ability to perform her past relevant work as a housekeeper. Accordingly, Plaintiff was not disabled within the mean-

ing of the regulations. 20 C.F.R. § 404.1520(a)(4)(iv).[2]

AFFIRMED.

---

1. The record contradicts Plaintiff's argument that she misunderstood the relevant time period; the Commissioner's lawyer specifically reminded her that the period involved was after August 5, 1999.

2. Because the ALJ properly determined that Plaintiff retained the ability to perform her past relevant work, we do not reach the ALJ's

alternative holding that Plaintiff was able to perform other unskilled light work that existed in substantial numbers in the national economy.

